UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO.   23-32814 |
| | § | |
| ROBS BAR & GRILL, LLC, | § | Chapter 11 |
| | § | |
| DEBTORS | § | |

## OBJECTION TO CONFIRMATION BY TEXAS COMPTROLLER OF PUBLIC ACCOUNTS AND TEXAS WORKFORCE COMMISSION

The Texas Comptroller of Public Accounts, Revenue Accounting Division (the "Comptroller" and/or "CPA"), and the Texas Workforce Commission ("TWC") through the Texas Attorney General's office, objects to confirmation of the Debtor's Plan of Reorganization Under Subchapter V of Chapter 11 (the "Plan")[Docket No. 52], as follows:

1. The Plan should not be confirmed because it does not comply with the applicable provisions of Title 11 of the United States Code ("Bankruptcy Code").

## OBLIGTIONS DUE AND OWING TO TEXAS COMPTROLLER and TEXAS WORKFORCE COMMISSION

2. The Debtor owes the Comptroller for pre-petition and post-petition obligations, including but not limited to:

   a. POC #6 - $1,152.33, CPA's timely filed priority/secured claim based on estimated and unpaid franchise tax return for 2023.
   b. POC #7 - $5,655.02, CPA's timely filed priority/secured claim based on return-based unpaid sales tax.
   c. POC #8 - $22,820.26, CPA's timely filed priority/secured claim based on return-based unpaid mixed beverage gross receipts tax.
   d. POC #9 - $21,355.59, CPA's timely filed priority/secured claim based on return-based unpaid mixed beverage sales tax.
   e. Post-petition sales tax for the months of August ($2,698.39), September ($2,354.53), and October ($3,137.99).
   f. Post-petition mixed beverage sales tax (estimated due to lack of returns) for the months of August ($4,291.09), September ($5,543.61) and October ($4,856.91).
   g. Post-petition mixed beverage gross receipts tax (estimated due to lack of returns) for the months of August ($3,772.33), September ($5,359.77) and October ($4,696.05).

3. The Debtor owes the TWC for pre-petition and post-petition obligations, including but not limited to:

    a.       POC #10 - $4,626.89, priority/secured claim.
    b.       POC #13 - $104.99, administrative expense claim based on post-petition unpaid unemployment taxes.

4. The government bar date in this case is January 24, 2024, so the above referenced claims are not exhaustive of all claims that may be timely filed by the CPA or TWC.

## PLAN IS NOT FEASIBLE

5. The Debtor must prove that the Plan complies with all confirmation requirements in 11 USC §1191, which is inclusive of §1129 other than paragraph 15 of that section. The Debtor's Plan should not be confirmed because it does not meet the feasibility requirement of 11 U.S.C. § 1129(a)(11). The Debtor owes approximately $36,710.66 in post-petition sales tax, penalty and interest to the Comptroller. This post-petition liability has accrued while the automatic stay has been in place and while the Debtor has been relieved from making payments to its pre-petition creditors.

6. The Comptroller and TWC's claims for post-petition taxes, penalty and interest are administrative expense claims under 11 U.S.C. §503, and the Debtor is required to pay them in cash, on the effective date of the Plan. 11 U.S.C. §1129(a)(9)(A). Debtor has not demonstrated that it has sufficient cash reserves to pay the Comptroller and TWC's post-petition taxes on the effective date. The Plan is, therefore, not feasible.

## CASE SHOULD BE DISMISSED

7. The Texas Comptroller will be filing a separate Motion to Dismiss this Chapter 11 case based upon the failure to pay post-petition taxes. The arguments for dismissal are incorporated herein.

8. As of December 18, 2023, Debtor is behind on post-petition tax liabilities and reporting as follows:

|  | Sales, Excise, and Use Tax | Mixed Beverage Sales Tax | Mixed Bev. Gross |
|---|---|---|---|
| August 2023 | $2,698.39 Return based liability | $4,291.09 Return based liability | $3,772.33 Return based liability |
| September 2023 | $2,354.53 Return based liability | $5,543.61 Estimate – return due | $5,359.77 Estimate – return due |
| October 2023 | $3,137.99 Return based liability | $4,856.91 Estimate – return due | $4,696.05 Estimate - return due |

As of December 18, 2023, the total amount of post-petition taxes due and owing is $36,710.67. The returns for the month of November for all of the above liabilities are due December 20th.

9. Pursuant to 28 U.S.C. §§ 959 and 960, a Debtor is required to manage and operate property of the estate according to the requirements of the valid laws of the State of Texas. As part of the 2005 BAPCPA amendments, Congress amended 28 U.S.C. § 960 to specifically require post-petition taxes be paid "on or before the due date of the tax under applicable non-bankruptcy law."

10. At the same time, Congress amended 11 U.S.C. § 1112 to specifically identify a debtor in possession's "failure to timely pay taxes due after the date of the order for relief or to file tax returns due after the date of the order for relief" as cause for dismissing or converting Chapter 11 cases. 11 U.S.C. § 1112(b)(4)(I).

11. Debtor is delinquent on numerous post-petition tax returns and payment of post-petition taxes, as laid out above. Thus, the Debtor has failed "to timely pay taxes due after the date of the order for relief or to file tax returns due after the date of order for relief." These failures constitute cause for dismissing or converting this case. 11 U.S.C. § 1112(b)(4)(I).

12. A case that meets the requirements for dismissal should not be confirmed. Section

§ 1129(a)(1) of the Bankruptcy Code requires a plan to comply with all applicable provisions of the Bankruptcy Code in order to be confirmed, including keeping post-petition taxes current.

### CONSULTATION WITH DEBTORS' COUNSEL

13.   The undersigned has been consulting with Debtor's counsel regarding resolution of the above objections. This objection is filed by the extended agreed upon objection deadline out of an abundance of caution.

### CONCLUSION

Wherefore, premises considered, the Texas Comptroller and Texas Workforce Commission request that the Court deny confirmation of the Plan, and for such other relief to which they are entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**RACHEL R. OBALDO**
Chief for Bankruptcy & Collections Division

*/s/ Callan C. Searcy*
**CALLAN C. SEARCY**
Assistant Attorney General
Texas State Bar No. 24075523

Office of the Attorney General
Bankruptcy & Collections Division
P. O. Box 12548, Capitol Station
Austin, TX 78711-2548
Telephone: (512) 475-4861
Facsimile: (512) 936-1409
bk-csearcy@texasattorneygeneral.gov

**ATTORNEYS FOR THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS AND TEXAS WORKFORCE COMMISSION**

**CERTIFICATE OF SERVICE**

      I certify that on December 20, 2023, a true copy of the foregoing was served by the method and on the following parties as indicated:

By First Class Mail:

Robs Bar & Grill, LLC
2204 Louisiana St. Suite C&D
Houston, TX 77002

By Electronic Mean as listed on the Court's ECF Noticing System:

- **Jeannie Lee Andresen** houston_bankruptcy@lgbs.com, chymel@dorelaw.com
- **Brandon J Gibbons** bgibbons@padfieldstout.com
- **Robert Chamless Lane** chip.lane@lanelaw.com, thelanelawfirm@jubileebk.net;notifications@lanelaw.com
- **Jarrod B Martin** jbm.trustee@chamberlainlaw.com, cjbm11@trustesolutions.net;lara.coleman@chamberlainlaw.com;jarrod.martin@chamberlainlaw.com;valerie.herrera@chamberlainlaw.com
- **US Trustee** USTPRegion07.HU.ECF@USDOJ.GOV
- **Jana Smith Whitworth** jana.whitworth@usdoj.gov


                          */s/ Callan C. Searcy*
                          **CALLAN C. SEARCY**